[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
RE: MOTION TO DISMISS
Plaintiff filed this action seeking recovery for personal injuries received as a result of an automobile accident. Plaintiff sued, among others, Altra Auto Rental, and the sheriff's return indicates that Nicholas Cappa accepted service for this defendant as "manager and person in charge at time of service." Agency Rent-A-Car, Inc., has now filed a motion to dismiss, arguing that Altra is a wholly owned subsidiary of Agency and that Agency has not been served in accordance with General Statutes 52-57(c). Plaintiff objects to the motion, claiming that service of process was sufficient.
General Statutes 52-57(c) provides for two methods of service upon foreign corporations doing business in Connecticut which are service upon the agent for service appointed by the corporation, or service upon, among others, the manager or "any person who is at the time of service in charge of the office of the corporation in the town in which its principal place of business is located."
Agency has complied with General Statutes 33-400 and appointed an agent for service in Connecticut. Service of process could not be sufficient under the basis put forth in the sheriff's return, because it is undisputed that Agency's principal place of business is not located in Norwalk, a statutorily necessary prerequisite to serving the person in charge at the time of service. CT Page 8357
Plaintiff claims, however, that Cappa could possibly be considered a manager, and that his designation as "Office Manager" is simply a matter of semantics and does not preclude him from being considered a manager within the meaning of52-57(c). However, the salient point in this case is that while Cappa may be an office manager, or even a manager of Altra, he is clearly not a manager of Agency Rent-A-Car, Inc. The affidavit of Louis Rice as General Counsel of Agency is clear on this point and plaintiff has submitted nothing to demonstrate otherwise. It is Cappa's status vis-a-vis Agency, the foreign corporation to which 52-57(c) pertains which is meaningful and not his status or role in Altra.
Accordingly, the motion to dismiss is granted because process was not served in accordance with 52-57(c).